# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

---

|  |  |
|---|---|
| In Re:<br><br>Joseph S. Visser and<br>April M. Visser,<br><br>   Debtors. | Bankruptcy Case<br>No. 11-41345-JDP |

---

|  |  |
|---|---|
| Twin Falls Staffin, LLC and<br>Tom Welstad<br><br>    Plaintiffs,<br>vs.<br><br>Joseph S. Visser and<br>April M. Visser,<br><br>    Defendants. | Adv. Proceeding<br>No. 11-8096-JDP |

---

## MEMORANDUM OF DECISION

---

**Appearances:**

  James D. Holman and Ryan Dustin, THOMSEN STEPHENS LAW
OFFICES, Idaho Falls, Idaho, Attorneys for Plaintiff.

MEMORANDUM OF DECISION - 1

Brent Robinson, ROBINSON, ANTHON & TRIBE, Rupert, Idaho,
Idaho Attorney for Defendants.

## *Introduction*

The defendants in this adversary proceeding, chapter 7[1] debtors

Joseph Stanley Visser ("Defendant") and April McGovern Visser

("April"),[2] husband and wife, move to dismiss this action prosecuted

against them by the plaintiffs, Defendant's former employer Twin Falls

Staffing, LLC ("TFS"), and Tom Welstad ("Welstad"), TFS's majority

owner (collectively "Plaintiffs").  Defendant and April contend that

Plaintiffs' complaint ("Plaintiffs' Complaint") fails to adequately plead a

claim against them under standards of the Federal Rules of Civil Procedure

("Civil Rules"), and that, in any event, Plaintiffs lack any claim for relief

---

[1] Unless otherwise indicated, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the
Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

[2] References to first names is solely for the clarity of this decision; no
disrespect is intended.

MEMORANDUM OF DECISION - 2

against April.  The Court conducted a hearing on the motion to dismiss on

March 7, 2012, at which Plaintiffs conceded their action as against April

should be dismissed.  As to their claims against Defendant, however,

Plaintiffs insist their complaint is well-pled.  The Court took the issues

under advisement, and, having considered the parties' submissions and

applicable law, this Memorandum disposes of the motion.  Rule 7052,

9014.

### Background[3]

Plaintiff Welstad is the majority owner of Plaintiff TFS, an

employment agency in Twin Falls, together with four other Idaho

agencies, all operating under the name of Gem State Staffing ("GSS").[4]

Welstad hired Stanley Visser ("Stanley"), Defendant's father, as GSS's

---

[3] Unless otherwise noted, this information is derived taken from Plaintiffs' Complaint, and certain findings of fact made by the state court in considering Plaintiffs' request for a preliminary injunction against Defendant.

[4] Each of the five employment agencies is a separate limited liability company, but all do business under the same name, Gem State Staffing.

MEMORANDUM OF DECISION - 3

Chief Operating Officer ("COO").[5]  Stanley oversaw GSS's day-to-day

operations and staffing  needs.

In 2003, Stanley hired Defendant to work at TFS; in 2004, Defendant

was promoted to manage TFS.  When hired, Defendant, like all GSS

employees, signed the companies' standard employment agreement, which

included non-compete and confidentiality provisions.  In late 2008, Stanley

amended GSS's employment agreement to eliminate the non-compete and

confidentiality provisions, and had fourteen GSS employees, including

Defendant and three other TFS employees, sign the amended contract.

In October 2009, Defendant opened a competing employment

agency in Twin Falls, Magic Valley Staffing, LLC ("Magic Valley").  Several

former TFS employees, including the three who had signed the amended

employment agreement, joined Defendant at Magic Valley.  Magic Valley

secured contracts with many of TFS's clients and temporary employees.[6]

---

[5] Stanley was also the minority shareholder in all five GSS-LLC's.

[6] As employment agencies, TFS and Magic Valley connect employment-
seeking temporary employees with business clients that utilize such employees
(continued...)

MEMORANDUM OF DECISION - 4

TFS sued Defendant[7] in state court in November 2009.  In addition to other relief, TFS sought to enjoin Defendant from operating Magic Valley in competition with TFS.  The state court conducted a hearing solely on the injunction issue, and entered findings of fact and conclusions of law in which it decided to grant an injunction ("State Court Findings").  Defendant's civil liability to TFS, however, was not settled.

Defendant filed a chapter 7 petition on August 12, 2011, thereby staying the state court proceedings before any trial on his liability could occur.

Plaintiffs commenced this adversary proceeding against Defendant on November 3, 2011, asserting Defendant's unliquidated debts to them are excepted from discharge under § 523(a)(6).  Plaintiffs' Complaint

---

[6](...continued)
to complete their workforce.  Thus, the relationships of the agencies with the temporary employees that need employment, and the business clients that need temporary employees, are critical.

[7] The state court suit was filed by "Twin Falls Staffing dba Gem State Staffing, LLC," against "Magic Valley Staffing, LLC, Stan Visser, Joe Visser, Kevin Perry, Amanda Plaster and Michiel Patterson."

MEMORANDUM OF DECISION - 5

includes two claims for relief.  The first is Plaintiffs' claim for an exception

from discharge pursuant to § 523(a)(6).  The second claim is to recover

attorneys' fees.[8]  Plaintiffs attached a copy of the State Court Findings to

their complaint.

In the § 523(a)(6) claim, Plaintiffs allege that Defendant willfully and

maliciously injured them by (1) establishing a competing business to TFS

while employed at TFS; (2) misappropriating TFS's proprietary

information, including its client list, employee list, and business forms; (3)

making material misrepresentations to certain of TFS's key clients; (4)

recruiting TFS's key employees; and (5) generally attempting to put TFS

out of business.  Among the specific actions Plaintiffs attribute to

Defendant are that:

> f.  [Defendant] solicited away the temp employees
> of [TFS] by falsely telling them that [TFS] was
> going out of business;
>
> g.  [Defendant] solicited away the clients of [TFS]

---

[8]  Plaintiffs' Complaint includes other "counts" alleging fraud, violations
of the Idaho Fraudulent Transfer Act, and "bankruptcy fraud," but only asserts a
claim for relief as to the § 523(a)(6) count and for attorneys' fees.

MEMORANDUM OF DECISION - 6

in violation of his non-compete agreement, and by falsely telling them that he was not subject to a non-compete agreement;

h.  [Defendant] misappropriated the forms, client lists and worker lists of [TFS];

i.  [Defendant] sabotaged the computers of [TFS] so that [TFS] would not be able to service clients or pay workers;

j.  [Defendant] solicited away Michiel Patterson, Amanda Plaster and Kevin Perry from [TFS] with the intent that there would be no one left at [TFS] to operate the store.

Dkt. No. 13 at 15 (numbering as in original).

The State Court Findings attached to Plaintiffs' Complaint recite that Defendant began recruiting TFS's temporary employees around the last week of September 2009, and told such employees TFS was going out of business.  Dkt. No. 13-2 at 18–19.  These findings were based on the testimony of an individual identified only as Christina League.  *Id.* at 19 n.57.  The State Court Findings also identify at least two business clients solicited by Defendant, and recite that Defendant solicited one of them on November 1, 2009.  *Id.* at 23.

MEMORANDUM OF DECISION - 7

Defendant's motion to dismiss this adversary proceeding, filed on

January 20, 2012, argues that, because Plaintiffs' allegations in the

complaint "sound in fraud," Plaintiffs should be held to the more exacting

pleading standards of Civil Rule 9(b), made applicable by Rule 7009, and

that Plaintiffs's complaint does not meet those standards.  Dkt. No. 16.

Plaintiffs assert their § 523(a)(6) claim for relief is not based on fraud, and

as a result, their complaint must only satisfy the more liberal pleading

requirements of Rule 7008 and Civil Rule 8.

### Discussion and Disposition

### I.

Civil Rule 8, made applicable in adversary proceedings via Rule

7008, identifies the basic pleading requirements for a complaint:

> A pleading that states a claim for relief must
> contain:
>
> (1)  a short and plain statement of the
> grounds for the court's jurisdiction, unless the
> court already has jurisdiction and the claim needs
> no new jurisdictional support;
>
> (2)  a short and plain statement of the claim
> showing that the pleader is entitled to relief; and

MEMORANDUM OF DECISION - 8

> (3)  a demand for the relief sought, which
> may include relief in the alternative or different
> types of relief.

Civil Rule 8(a).  For certain types of claims, however, Civil Rule 9, through

Rule 7009, imposes a more exacting pleading standard.  As relevant here,

Civil Rule 9 provides:

> In alleging fraud or mistake, a party must state
> with particularity the circumstances constituting
> fraud or mistake.  Malice, intent, knowledge, and
> other conditions of a person's mind may be
> alleged generally.

Civil Rule 9(b).

The Civil Rule 9(b) pleading requirements apply whether fraud is

alleged specifically, or through allegations of facts that necessarily

constitute fraud, even without using the word "fraud."  *See Kearns v. Ford*

*Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy*

*Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003)).  To plead with particularity,

a plaintiff must set forth "'the who, what, when, where, and how' of the

misconduct charged."  *Id.*  Where a plaintiff asserts a defendant has

engaged in fraud, the plaintiff must assert more than "neutral facts," and

MEMORANDUM OF DECISION - 9

specific dates, names, and other information is required to satisfy the Civil

Rule 9(b) standard.  *See, e.g., id.* at 1125–26 ("[Plaintiff] fails to allege in any

of his complaints the particular circumstances surrounding [the allegedly

fraudulent] representations.  Nowhere [in his complaint] does [plaintiff]

specify what the [material he alleges was fraudulent] specifically stated.

Nor did [plaintiff] specify when he was exposed to [the material] . . .

[Plaintiff does not] specify who made [the] statement [he relied on] or

when [the] statement was made.").

Where fraud is alleged to have occurred between a defendant and a

third party, however, a less stringent pleading requirement is imposed as

compared to when a plaintiff alleges fraud against itself.  *See Abels v.*

*Farmers Commodities Corp.*, 259 F.3d 910, 921 (8th Cir. 2001) ("Where a

plaintiff is not a party to a communication, particularity in pleading may

become impracticable."); *Smith ex. rel. Estates of Boston Chicken, Inc. v.*

*Arthur Anderson L.L.P.*, 175 F.Supp.2d 1180, 1201–02 (D. Ariz. 2001) ("[L]ess

particularity is required where plaintiff is not asserting that the fraud was

against himself personally, but rather it was committed against a third

MEMORANDUM OF DECISION - 10

party."); *Kaliner v. Load Rite Trailers, Inc. (In re Sverica Acquisition Corp., Inc.),*
179 B.R. 457, 462–63 (Bankr. E.D. Pa. 1995) (indicating that, where there is
an "inevitable lack of knowledge concerning acts of fraud" because a
plaintiff was not a party to the fraud, courts have relaxed the Civil Rule
9(b) particularity requirement).  In such cases, a complaint may be
sufficient though it does not include specific names, dates, or other factual
information, as long as the plaintiff's allegations identify the circumstances
of the alleged fraud sufficiently to allow the defendant to prepare an
adequate answer.[9]  *See, e.g., Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.
1997) (in a case in which fraud was based on communication and
shipments between the defendant and various non-plaintiff companies, the
Ninth Circuit found allegations tied to financial quarters, and not specific
dates, was sufficient, and stated "[w]e decline to require that a complaint
must allege specific shipments to specific customers at specific times with a
specific dollar amount of improperly recognized revenue; 'we cannot make

---

[9] Of course, if the plaintiff is not able to prove specific instances of fraud
at trial, the allegations will not assist him in prevailing on the claim.  *Cooper,* 137
F.3d at 627.

MEMORANDUM OF DECISION - 11

[Civil] Rule 9(b) carry more weight than it was meant to bear.'" (quoting

*Decker v. Glenfed, Inc.*, 42 F.3d 1541, 1554 (9th Cir. 1994), *superceded by statute*

*on other grounds*)).  Thus, the standard of what constitutes particularity

differs with the facts of each case.  *Shushany v. Allwaste*, Inc., 992 F.2d 517,

521 (5th Cir. 1993).

Civil Rule 9(b) serves three general purposes:  (1) it provides a

defendant adequate notice to defend charges against it and deters plaintiffs

from filing complaints as a pretext to discover unknown wrongs; (2) it

protects a defendant's reputation from harm from fraud charges; and (3) it

prohibits plaintiffs from unilaterally imposing social and economic costs

on the court, the parties, and society without factual basis.  *Kearns*, 567 F.3d

at 1125.  Even where a relaxed Civil Rule 9(b) standard is imposed,

fraudulent conduct must be pled with sufficient information and detail to

satisfy those goals.  *See Cooper*, 137 F.3d at 627 (indicating that, even if a

complaint's allegations are not specific, the complaint must still provide a

defendant adequate notice to answer and defend charges against him).

The particularity standards apply not only when a plaintiff explicitly

MEMORANDUM OF DECISION - 12

alleges fraud, but also, in some cases, where fraud is not even an element of the claim pursued by a plaintiff. *See Vess*, 317 F.3d at 1103. Even if fraud is not an element of a claim, if a plaintiff alleges a defendant engaged in a "unified course of fraudulent conduct," and bases his claim entirely on that conduct, the claim is said to be "grounded in fraud" or to "sound in fraud." *Id.* at 1103–04. Where a claim is grounded in fraud, or sounds in fraud, the claim, as a whole, must be pled with particularity to satisfy Civil Rule 9(b). *Id.*

At the same time, a plaintiff may allege fraud in support of a claim without alleging a "unified course of fraudulent conduct," *i.e.*, the plaintiff may allege both fraudulent and non-fraudulent conduct in support of a claim. *Id.* at 1104. In such cases, Civil Rule 9(b) does not require allegations of non-fraudulent conduct to be stated with particularity.[10] *Id.*

---

[10] Much of the Civil Rule 9(b) case law relies on the language of the Civil Rule prior to amendments made in 2007. The prior rule provided:

> In all *averments* of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

(continued...)

MEMORANDUM OF DECISION - 13

Only those allegations that relate to fraudulent conduct are subject to the

heightened Civil Rule 9(b) standards. *See id.*; *Cornejo v. JPMorgan Chase

Bank*, 2011 WL 6149246 at *3 (C.D. Cal. Dec. 12, 2011). If a plaintiff's

complaint includes allegations of fraud, and those allegations do not meet

the Civil Rule 9(b) standard, the allegations are to be disregarded, or

stripped, from the complaint; non-fraudulent, or fraudulent-but-

sufficiently-pled, allegations remain, however, and dismissal of the

adversary proceeding is not appropriate. *See Kearns*, 567 F.3d at 1124.

II.

Fraud is not an element of a § 523(a)(6) claim for an exception to

---

[10](...continued)
(emphasis added). The advisory committee notes to the 2007 amendments,
however, indicate that:

> [t]he language of [Civil] Rule 9 has been amended as
> part of the general restyling of the Civil Rules to make
> them more easily understood and to make style and
> terminology consistent throughout the rules. *These
> changes are intended to be stylistic only*.

(emphasis added). Both pre- and post-amendment decisions accordingly seem to
recognize no substantive difference in the terms "averment" and "allegation."
*Compare Vess*, 317 F.3d at 1103–04 (pre-2007 amendments case), *with Kearn*, 567
F.3d at 1124–25 (post-2007 amendments case).

MEMORANDUM OF DECISION - 14

discharge.  To prove such a claim, the creditor-plaintiff must establish (1) that the debtor's conduct injuring another was willful, and (2) that the debtor's infliction of the injury was malicious.  *Barboza v. New Form, Inc. (In re Barboza)*, 545 F.3d 702, 706 (9th Cir. 2008).  To show that a debtor willfully injured another, a plaintiff must prove the infliction of the injury was deliberate or intentional.  *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).  Infliction of an injury is malicious if the debtor's actions involved an intentionally committed wrongful act that was done without just cause or excuse and necessarily caused injury.  *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1146–47 (9th Cir. 2002).  Only a plaintiff that establishes the elements of both willfulness and maliciousness will be successful.  *See In re Barboza*, 545 F.3d at 706; *Molina v. Seror (In re Molina)*, 228 B.R. 248, 251 (9th Cir. BAP 1998).

Though fraud is not an element of a § 523(a)(6) claim, Defendant asserts Plaintiffs' Complaint, including the § 523(a)(6) claim, "sounds in fraud."  As discussed above, in making this argument, Defendant inherently asserts that Plaintiffs' § 523(a)(6) claim relies on a "unified

MEMORANDUM OF DECISION - 15

course of fraudulent conduct," and that the adversary proceeding should

be dismissed because the claim is not, as a whole, pled with particularity.

*See Vess*, 317 F.3d at 1103–04.

Plaintiffs' § 523(a)(6) claim, however, does not allege they were

injured as the result of any "unified course of fraudulent conduct."

Instead, Plaintiffs' complaint includes allegations of both fraudulent and

non-fraudulent conduct.  For example, Plaintiffs allege that:

> h.  [Defendant] misappropriated the forms, client
> lists and worker lists of [TFS];
>
> i.  [Defendant] sabotaged the computers of [TFS]
> so that [TFS] would not be able to service clients
> or pay workers;
>
> j.  [Defendant] solicited away Michiel Patterson,
> Amanda Plaster and Kevin Perry from [TFS] with
> the intent that there would be no one left at [TFS]
> to operate the store.

Dkt. No. 13 at 15 (numbering as in original).  These allegations describe

non-fraudulent conduct and are not required to meet any heightened

pleading standard.  Having met the Civil Rule 8 pleading standards,[11] they

---

[11]  Defendant does not assert Plaintiffs' allegations do not meet the Civil

(continued...)

MEMORANDUM OF DECISION - 16

support Plaintiffs' § 523(a)(6) claim.

In arguing Plaintiffs' § 523(a)(6) claim is insufficiently pled,

Defendant specifically identifies two of Plaintiffs' allegations he asserts

make the entire claim sound in fraud.  Motion to Dismiss, Dkt. No. 16 at

5–6.  Defendant targets the allegations in Plaintiffs' Complaint that:

> f.  [Defendant] solicited away the temp employees
> of [TFS] by falsely telling them that [TFS] was
> going out of business;
>
> g.  [Defendant] solicited away the clients of [TFS]
> in violation of his non-compete agreement, and
> by falsely telling them that he was not subject to a
> non-compete agreement;

Dkt. No. 13 at 15 (numbering as in original).   But both of those assertions

contain sufficient information to satisfy the Civil Rule 9(b) standards,

particularly when considering Plaintiffs' allegations are based on

communications between Defendant and third parties.

First, Plaintiffs identify "who" the parties to the allegedly fraudulent

communications were, asserting that Defendant communicated with both

---

[11](...continued)
Rule 8 standards.

MEMORANDUM OF DECISION - 17

TFS's temporary employees and business clients.  This information, while

not including employees' or clients' specific names, is sufficient to allow

Defendant to prepare an adequate answer.  Even if it were not, the State

Court Findings identify two of the business clients solicited by Defendant,

and indicate that Christina League has knowledge of Defendant's

communications to temporary employees.  The Court may consider the

additional information in the attached State Court Findings in evaluating

the adequacy of Plaintiffs' Complaint.  *See Durning v. First Boston Corp.*, 815

F.2d 1265, 1267 (9th Cir. 1987) ("If a complaint is accompanied by attached

documents, the court is not limited by the allegations contained in the

complaint.  These documents are part of the complaint and may be

considered in determining whether the plaintiff can prove any set of facts

in support of the claim." (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe,

Inc.*, 583 F.2d 426, 429 (9th Cir. 1978)).

Second, Plaintiffs' allegations also identify "what" Defendant told

the temporary employees and clients.  He allegedly told TFS's temporary

employees that TFS was going out of business, and TFS's clients that he

MEMORANDUM OF DECISION - 18

was not subject to a non-compete agreement.

Third, Plaintiffs' Complaint and the State Court Findings identify "when" the alleged communications were made.  Defendant began soliciting temporary employees around the last week of September 2009, and was soliciting business clients in November 2009.

Fourth, the communications were verbal, with Defendant "solicit[ing]" the temporary employees and business clients and "telling" them information.  This satisfies the "where" particularity standard, which requires a plaintiff to identify where allegedly fraudulent communication can be found, *i.e.*, in a financial statement, verbal communication, or written document.  *See Cooper*, 137 F.3d at 627.

Finally, Plaintiffs address "how" Defendant's communications were false.  The complaint not only alleges the statements were "falsely" made, but also, through other facts alleged in Plaintiffs' Complaint and the State Court Findings, that the assertions were false because TFS was not going

MEMORANDUM OF DECISION - 19

out of business, and Defendant was subject to a non-compete agreement.[12]

*See Cooper*, 137 F.3d at 625–26 (explaining that a plaintiff has sufficiently

alleged a communication's falsity if the falseness is clear from alleged

facts); *The Official Comm. of Unsecured Creditors v. Aust (In re Network Access*

*Solutions, Corp.)*, 330 B.R. 67, 78–79 (Bankr. D. Del. 2005) ("In making [a

Civil Rule 9(b)] determination, the Complaint should be viewed as a whole

with due regard given to the presence of justiciable, realistic factual

situations." (citing *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256,

263 (3d Cir. 1998)).

Thus, Plaintiffs sufficiently pled the "who, what, when, where, and

how" of Defendant's alleged misconduct, particularly considering the

relaxed standards appropriate because Plaintiffs' allegations of fraudulent

communications relate to communications between Defendant and third

parties, not Plaintiffs.  All five of the direct allegations against Defendant in

Plaintiffs' Complaint in support of the § 523(a)(6) claim either satisfy the

_____

[12]  Indeed, the state court concluded Defendant was still subject to a non-
compete agreement, in spite of signing the amended employment agreement.
Dkt. No. 13-2 at 28.

MEMORANDUM OF DECISION - 20

Civil Rule 9(b) particularity standard, or are not subject to the particularity

requirement and satisfy the general Civil Rule 8 standard.

Plaintiffs' Complaint also alleges that a conspiracy existed between

Defendant and Stanley to defraud Plaintiffs, and argues that certain actions

taken by Stanley should be imputed to Defendant for the purposes of the

§ 523(a)(6) claim. While not ruling on whether Plaintiffs are correct in

asserting that a non-debtor co-conspirator's actions may be imputed to a

debtor for § 523(a)(6) purposes, the Court finds Plaintiffs sufficiently pled a

fraudulent conspiracy for those allegations to remain in their complaint.

For allegations of a fraudulent conspiracy to meet the Civil Rule 9(b)

pleading standards, a complaint must include particulars of "when, where,

[and] how the alleged conspiracy occurred." *See Vess*, 317 F.3d at 1106–07.

Plaintiffs' Complaint indicates:

> Beginning in 2008, [Defendant] and [Stanley]
> conspired together to leave [TFS] and establish
> [Magic Valley], a business that would
> immediately and directly compete with [TFS] in
> Twin Falls, Idaho.

Dkt. No. 13 at 5. The complaint and State Court Findings go on, in detail,

MEMORANDUM OF DECISION - 21

to explain, among other things, how Defendant and Stanley conspired to alter Defendant's employment agreement to remove the non-compete provision; to solicit staff for Magic Valley; to secure a location, insurance, and other necessaries for Magic Valley; and to impede Plaintiffs' operation of TFS once Magic Valley was established.  Dkt. No. 13 at 5–11; Dkt. No. 13-2 at 18–25.  Plaintiffs' Complaint thus sufficiently pled the when, where, and how of the alleged conspiracy to allow Defendant to adequately prepare an answer to that allegation, and the conspiracy assertions may remain in support of Plaintiffs' § 523(a)(6) claim.

### Conclusion

Plaintiffs' Complaint is not grounded in fraud and does not sound in fraud.  The complaint's non-fraudulent allegations need not meet Civil Rule 9(b)'s heightened pleading standards, and are sufficiently pled.  In addition, those of Plaintiffs' § 523(a)(6) allegations that do assert fraud by Defendant and others, including those alleging a fraudulent conspiracy, are sufficiently pled to meet the Civil Rule 9(b) particularity standards.  Plaintiffs' Complaint contains sufficient well-pled allegations to support

MEMORANDUM OF DECISION - 22

their § 523(a)(6) claim.

Defendant's motion to dismiss will be denied in a separate order.

However, that order will provide for dismissal of this action as against

April.[13]

Dated:  April 3, 2012

_____

Honorable Jim D. Pappas
United States Bankruptcy Judge

_____

[13]  Defendant must now timely answer Plaintiffs' Complaint.  When he has
filed an answer, the Clerk will issue notice to the parties of the date and time for
a pretrial conference.  In addition to the usual case management topics, the
parties should be prepared to address at that conference whether the Court
should exercise its discretion to abstain from conducting further proceedings in
this adversary proceeding under 28 U.S.C. § 1334(c) in favor of allowing the state
court action, which involves other, nondebtor defendants, to continue to
judgment.  *See Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912
F.2d 1162, 1166–67 (9th Cir. 1990) (identifying the factors a bankruptcy court
should consider in determining whether to abstain under 28 U.S.C. § 1334(c)(1));
*Siragusa v. Siragusa (In re Siragusa)*, 27 F.3d 406, 408–09 (9th Cir. 1994) (applying
28 U.S.C. § 1334(c)(1) analysis in a § 523 nondischargeability action); *Menk v.
Lapaglia (In re Menk)*, 241 B.R. 896, 904 (9th Cir. BAP 1999) (same).

MEMORANDUM OF DECISION - 23